IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LYNN GALES,**

                     **Plaintiff,**

     v.                                 CASE NO.06-3330-SAC

**BRUCE GATTERMAN, et al.,**

                     **Defendants.**

**O R D E R**

     Plaintiff, a prisoner confined in a Kansas correctional facility, proceeds pro se on a complaint under 42 U.S.C. § 1983. Plaintiff alleges the violation of his constitutional rights by the state district court's release of evidence in plaintiff's criminal case while plaintiff's petition for certiorari review was pending before the United States Supreme Court. Plaintiff claims this action interfered with his right to a direct appeal, and denied him an opportunity to challenge this evidence for alleged defects. Plaintiff names the judge and prosecutor in plaintiff's state criminal proceeding, and two attorneys acting as plaintiff's appellate counsel, as defendants in the complaint.

     The court screened the complaint as required by 28 U.S.C. § 1915A and directed plaintiff to show cause why the complaint should not be dismissed because: plaintiff's claim for damages against the state court judge and prosecutor were barred by immunity; plaintiff's bare allegation of a conspiracy involving all defendants was insufficient to establish that plaintiff's appellate attorneys operated under color of state law for the purpose of stating a claim

for relief under 42 U.S.C. § 1983; and plaintiff's request for an immediate release must be pursued in a habeas corpus action after plaintiff fully exhausted available state court remedies. *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

In response, plaintiff argues further that the state district court order for the release of evidence to the victim's mother impermissibly interfered with plaintiff's direct appeal and with his ability to challenge this evidence in post-conviction proceedings. Plaintiff contends the show cause order entered in the instant matter demonstrates bias and prejudice by the undersigned judge. Additionally, plaintiff maintains dismissal of the complaint while his state post-conviction appeal pending, and without service of summons and a response from defendants, is improper. Having reviewed the record, the court remains convinced the complaint should be dismissed.

Plaintiff presents no persuasive argument against immunity for the state court judge and prosecutor. Although plaintiff specifically argues the state court judge acted without judicial authority, it is recognized that judicial immunity extends to judicial acts done in error, maliciously, or without judicial authority. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Moreover, there is no apparent factual or legal support for finding the state court judge acted in a complete absence of jurisdiction. *See* id.(a judge is subject to liability only for judicial acts taken in "clear

absence of all jurisdiction")(*quoting* Bradley v. Fisher, 80 U.S. 335 (1872)).  Plaintiff's claim for damages against the state court judge and prosecutor are dismissed.  28 U.S.C. § 1915A(b).

Plaintiff does not specifically address the court's finding that plaintiff's allegations failed to demonstrate that either appellate attorney acted under color of state law.  All claims against these defendants thus can be dismissed because no claim upon which relief can be granted under 42 U.S.C. § 1983 is stated.

To the extent plaintiff's pro se pleading can be liberally construed as seeking the recusal or disqualification of the undersigned judge for alleged bias and prejudice, the court denies such a request.  Prior adverse rulings by a judge are not in an of themselves appropriate grounds for recusal or disqualification. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997)(citations omitted).  *See also* Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)(a judge is under as much obligation not to recuse when there in no reason to do so).

Plaintiff's objection to the dismissal of his complaint without service of summons or a response from defendants also is rejected. Upon enactment of the Prison Litigation Reform Act in April 1996, federal statutes expressly authorize the summary dismissal of a prisoner's complaint if the claims therein are frivolous or malicious, if the plaintiff seeks damages from a person immune from such relief, or if the allegations state no claim upon which relief can be granted.  28 U.S.C. § 1915A(b).

Finally, while plaintiff's pending state court appeal warrants dismissal of the complaint without prejudice to allow plaintiff to seek habeas corpus relief after all state available state court

3

remedies have been exhausted on any claim presented to the federal court for habeas review, the pending state court appeal presents no obstacle to the dismissal of plaintiff's attempt to seek relief under 42 U.S.C. § 1983.

Accordingly, for the reasons stated herein and in the show cause order entered on January 3, 2007, the court concludes the complaint should be dismissed.

IT IS THEREFORE ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b), and that dismissal of the complaint is without prejudice to plaintiff seeking a writ of habeas corpus as provided under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED:  This 12th day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge